RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 08 / 10 / 05
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JAMES ANTHONY JACKSON | CIVIL ACTION NO. 05-0914-M |
| VS. | SECTION P |
| HARVEY GRIMMER, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* on May 24, 2005, by *pro se* plaintiff, James Anthony Jackson. At the time of his filing, plaintiff was an inmate at the West Carroll Detention Center (WCDC), Epps, Louisiana and he complained of incidents which occurred at that prison during the period between March 22, 2005 and June 17, 2005.

## STATEMENT OF THE CASE

On June 9, 2005, plaintiff was authorized to proceed *in forma pauperis* and notice of that fact was mailed to him. [Doc. 3] On June 17, 2005, the order was returned as undeliverable. In addition, the Order was returned to the court with the notation that plaintiff was "no longer at this facility."

Plaintiff complained that on March 22, 2005, a person against whom plaintiff had testified was transferred to the WCDC. Since he feared for his life, plaintiff advised the defendants of his predicament. When they refused his request for assistance, he filed suit praying only for an order directing the WCDC to transfer him to another institution.

## LAW AND ANALYSIS

Local Rule (LR) 41.3W provides in part, "The failure of a[]... pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's correspondence was returned.

Further, as noted above, plaintiff has asked only that he be transferred from the WCDC. That has apparently happened and therefore his present complaint is moot.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of LR41.3W and because it is **MOOT.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

3

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of _August_, 2005.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE